TROUTMAN SANDERS LLP
Mark J. Payne, Bar No. 1579891
mark.payne@troutman.com
Lauren E. Grochow, Bar No. 293601
lauren.grochow@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone:  949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendant
APEX SYSTEMS, LLC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/30/2019** at 10:36:00 AM
Clerk of the Superior Court
By Regina Chanez,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| BERNICE RATCLIFFE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APEX SYSTEMS, LLC., a Virginia limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 37-2019-00040686-CU-OE-CTL<br><br>**DEFENDANT APEX SYSTEMS, LLC'S ANSWER TO COMPLAINT**<br><br>Dept: C-65<br>Judge: Honorable Ronald F. Frazier<br><br>Action Filed: August 5, 2019<br>Trial Date: N/A |

Defendant Apex Systems, LLC ("Apex") hereby responds to the unverified Class Action Complaint of Bernice Ratcliffe as follows:

**GENERAL DENIAL**

By virtue of the provisions of California Code of Civil Procedure § 431.30, Apex denies each and every allegation contained in Ratcliffe's Complaint, and each purported cause of action contained therein, and further denies that Ratcliffe, or any putative member of the class that Ratcliffe purports to represent, sustained damage in the sums alleged, or in any sum, or at all, by reason of any act, breach or omission on the part of Apex or on the part of any agent, servant, representative, employee, predecessor or successor of Apex.

39812988

# AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint, Apex asserts the following affirmative defenses. By designating the following defenses as affirmative defenses, Apex does not admit or concede that any such defense is an affirmative defense or that Apex bears the burden of proof with respect to any such defense.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Apex. The Complaint also seeks relief against Apex that is not properly recoverable by Ratcliffe and the members of any class Ratcliffe purports to represent (the "Class Members"), and Ratcliffe and the Class Members are therefore barred from any recovery against Apex.

## SECOND AFFIRMATIVE DEFENSE

### (Complaint is Uncertain)

2. The Complaint is uncertain, ambiguous, and unintelligible.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3. The causes of action alleged in the Complaint are barred or diminished, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, 343, California Labor Code §§ 203, 1194.2 and California Business and Professions Code § 17208.

## FOURTH AFFIRMATIVE DEFENSE

### (Justification)

4. Apex's conduct, actions, or statements were justified.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. Ratcliffe and the Class Members, through their conduct, acts, and omissions, are estopped from asserting or recovering under any of the causes of action alleged against Apex in

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

the Complaint because of their conduct. Apex alleges that Ratcliffe and the Class Members knew or should have known of the conduct alleged in the Complaint but failed to take any corrective measures and failed to notify Apex or any other party of the need for such corrective measures, thereby estopping Ratcliffe and the Class Members from claiming damages as a result of these purported conditions, if any there be.

### SIXTH AFFIRMATIVE DEFENSE

**(Waiver)**

6. Ratcliffe and the Class Members, through their conduct, acts and, omissions, have waived their causes of action and any recovery against Apex as alleged in the Complaint. Apex alleges that Ratcliffe and the Class Members knew or should have known of the purported actions claimed in the Complaint but failed to take any corrective measures and failed to notify Apex or any other party of the need for such corrective measures, thereby evidencing their waiver of any alleged causes of action and purported damages, if any there be.

### SEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

7. The causes of action alleged in the Complaint are barred or diminished by the equitable doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

8. Ratcliffe and the Class Members, through their conduct, acts, and omissions, including knowingly acting in violation of Apex's workplace policies, are barred by the doctrine of unclean hands from recovering any damages or other relief herein against Apex.

### NINTH AFFIRMATIVE DEFENSE

**(Consent)**

9. The Complaint, and each and every cause of action therein, is barred in whole or in part, because Ratcliffe the Class Members consented to the conduct about which they now complain.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

39812988

- 3 -

DEFENDANT APEX SYSTEMS, LLC'S ANSWER TO COMPLAINT

## TENTH AFFIRMATIVE DEFENSE

**(No Standing)**

10. Ratcliffe and the Class Members lack standing to assert the causes of action set forth in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

11. Ratcliffe and the Class Members have failed to exhaust remedies available under statutes, regulations, rules, and procedures relating to matters alleged in the Complaint, including, but not limited to, remedies with the California Division of Labor Standards Enforcement, and their causes of action are barred by their failure to do so. Apex further alleges that Ratcliffe's causes of action are barred by the doctrine of primary jurisdiction in that the California state-law causes of action set forth in the Complaint are more properly presented to the California Division of Labor Standards Enforcement, which, pursuant to California Labor Code § 98, *et seq.*, is the administrative agency with special competence to investigate and hear employee disputes regarding the payment of wages, including orders of the Industrial Welfare Commission.

## TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Comply with Directions & Policies)**

12. The causes of action alleged in Ratcliffe's Complaint fail because Ratcliffe and the Class Members were required to substantially comply with directions and policies concerning the work in which Ratcliffe and the Class Members were engaged and Ratcliffe and the Class Members failed to substantially comply with such directions and policies, even though such compliance was possible, lawful, and not unreasonably burdensome, thereby violating California Labor Code § 2856.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(No Knowledge, Authorization or Ratification)**

13. Apex is not liable for the alleged damages because if a person or entity engaged in intentional, willful, or unlawful conduct as alleged in Ratcliffe's Complaint, such conduct was undertaken without the knowledge, authorization or ratification of Apex. Apex further alleges

that any entitlement that Ratcliffe or any individual putative class member may otherwise have had to receive compensation for allegedly unpaid wages or penalties is barred to the extent that Ratcliffe or any individual putative class member prevented Apex from obtaining knowledge of meal/rest periods that they allege were not taken.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

14. Ratcliffe and the Class Members are not entitled to recover any punitive or exemplary damages because such damages are not available under California law. In addition, any allegations of punitive damages should be stricken because:

   a. Ratcliffe has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice. Cal. Civ. Code § 3294(a); and/or

   b. Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Ratcliffe, or that Apex was motivated by evil motive or intent; and/or

   c. Neither Apex nor any of its agents committed any alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others. Cal. Civ. Code § 3294(b); and/or

   d. California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because California's laws, rules and procedures regarding punitive damages deny due process and impose criminal penalties without the requisite protections, they violate the Fifth and Fourteenth Amendments of the United States Constitution and place an unreasonable burden on interstate commerce; and/or

   e. The imposition of punitive damages in this case would violate Apex's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution or Article 1, Section 17, of the Constitution of the State of

California.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Business Justification Defense)

15. Any recovery on Ratcliffe's Complaint, or any cause of action contained therein, may be barred by the business justification defense to any alleged unfair business practices under California Business & Professions Code §§ 17200, *et seq*.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Setoff & Recoupment)

16. Apex is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Ratcliffe and any Class Member owed to Apex against any judgment entered against it.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith and No Willful Failure to Pay)

17. Apex alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Apex alleges that any violation of the California Labor Code was an act or omission made in good faith, and that in any participation in such acts, Apex had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Cannot Maintain Action as a Class Action)

18. Apex alleges that this action may not be properly maintained as a class action because: (1) Ratcliffe and the Class Members have failed to plead, and cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of this causes of action described in the Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (4) Ratcliffe's causes of action are not representative or typical of the causes of action of the putative class; (5) Ratcliffe is not a proper class representative; (6) Ratcliffe and alleged putative class counsel are not adequate representative for the alleged putative class; (7) Ratcliffe cannot

satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Ratcliffe and the Class Members; and (9) the alleged putative class is not ascertainable, nor are its members identifiable.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedies at Law)

19. The equitable relief requested by Ratcliffe and the Class Members should be denied because Ratcliffe and the Class Members have adequate remedies at law, Ratcliffe has no standing to request such relief as a former employee, and/or equitable relief is neither necessary nor proper.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Arbitration)

20. To the extent Class Members agreed to resolve the matters alleged in the Complaint by binding arbitration, those certain Class Members are barred from proceeding under the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

21. Ratcliffe and the Class Members have failed, refused, and neglected to mitigate or avoid the damages alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Computer Software Employees Exemption)

22. Ratcliffe and other Class Members are computer software employees. Thus, under California Labor Code § 515.5 they are exempt from the requirement that an overtime rate of compensation be paid under California Labor Code § 510.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Payment of Wages)

23. Without conceding that there are any wages due, there exists a good faith dispute regarding the payment of wages. Thus, penalties are not warranted.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Accurately Report Hours Worked)

24. Ratcliffe and Class Members did not accurately report the hours for which they seek allegedly unpaid wages, overtime, and penalties. Thus, are barred from recovery any such amounts from Apex.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Class Action Not Manageable)

25. This case cannot properly be maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Practices Not Likely to Deceive)

26. Any recovery on Ratcliffe's Complaint, or any cause of action contained therein, may be barred because the alleged deceptive business practices under California Business and Professions Code §§ 17200, *et seq.* are not likely to deceive.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

27. Ratcliffe and the Class Members are barred from any recovery against Apex because their alleged damages are speculative.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Impossibility)

28. Any duty or obligation Apex may have had to perform certain acts for Ratcliffe's or the Class Members' benefit was rendered impossible to perform due to Ratcliffe and the Class Members' conduct.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

29. Apex reserves the right to amend this Answer to assert additional defenses and supplement, alter, or change this Answer as may be warranted by the revelation of information during discovery or investigation.

# PRAYER FOR RELIEF

**WHEREFORE,** Apex prays that this Court:

    a.    Dismiss Ratcliffe's Complaint with prejudice;

    b.    Enter judgment in favor of Apex on Ratcliffe's causes of action and direct that Ratcliffe and the Class Members take nothing by Ratcliffe's Complaint against Apex;

    c.    Award Apex its costs of suit incurred herein, including attorneys' fees to the extent permitted by law; and

    d.    Grant Apex such other and further relief as may be deemed just and proper.

Dated:  August 30, 2019

TROUTMAN SANDERS LLP

By: _____
Mark J. Payne
Lauren E. Grochow

Attorneys for Defendant
APEX SYSTEMS, LLC.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

39812988

- 9 -

DEFENDANT APEX SYSTEMS, LLC'S ANSWER TO COMPLAINT

# PROOF OF SERVICE

**STATE OF CA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of CA. I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, CA 92614-2545; email felisa.lybarger@troutman.com.

On August 30, 2019, I served the following document(s) described as:

**DEFENDANT APEX SYSTEMS, LLC'S ANSWER TO COMPLAINT**

[X] **BY MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at Irvine, CA in the ordinary course of business.

[ ] **BY ELECTRONIC SERVICE**: Based on the parties' consent, local rule, or court order, I caused the documents to be served by electronic transmission or electronic notification in accordance with rule 2.251 of the California Rules of Court. The list of electronically served recipients are listed below.

On the following parties:

Douglas Han
Shunt Tatavos-Gharajeh
Daniel J. Park
JUSTICE LAW CORPORATION
751 N. Fair Oaks Avenue, Suite 101
Pasadena, CA 91103
Email:  dhan@justicelawcorp.com
Email:  statavos@justicelawcorp.com
Email:  dpark@justicelawcorp.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 30, 2019, at Irvine, CA.

_____
Felisa H. Lybarger

39893204