# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE RATCLIFFE, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APEX SYSTEMS, LLC., a Virginia limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-01688-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Defendant Apex Systems, LCC's Motion for Judgment on the Pleadings. (ECF No. 7).

## BACKGROUND

On August 5, 2019, Plaintiff commenced this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2019-00040686-CU-OE-CTL, against Defendant Apex Systems, LCC (Ex. A, ECF No. 1-2 at 2).

1

On August 30, 2019, Defendant filed an Answer in the Superior Court of California for the County of San Diego. (Ex. B, ECF No. 1-3 at 2).

On September 4, 2019, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332(a), § 1332(c), § 1332(d), § 1441, § 1446, § 1453. (ECF No. 1). Defendant contends that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005) and diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id*. at 1-2.

On September 17, 2019, Defendant filed the Motion for Judgment on the Pleadings. (ECF No. 7). On October 7, 2019, Plaintiff filed a Response in Opposition. (ECF No. 11). On October 11, 2019, Defendants filed a Reply. (ECF No. 12).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Defendant employed Plaintiff in California as an hourly-wage employee from May of 2017 to August of 2018. (Ex. A, ECF No. 1-2 at 8). Plaintiff alleges the following causes of action against Defendant: (1) failure to pay overtime wages; (2) failure to pay for work performed during meal periods; (3) failure to pay for work performed during rest periods; (4) failure to pay at least minimum wages for all hours worked; (5) failure to pay wages owed at the time of discharge or resignation; (6) failure to provide accurate itemized wage statements; and (7) failure to reimburse business expenses. *Id*. at 13-20. In addition, Plaintiff alleges an eighth claim for engaging in unlawful and unfair business practices. *Id*. at 21. Plaintiff seeks an Order certifying the Class; general and special damages; actual, consequential, and incidental damages; liquidated damages; punitive damages; civil penalties; statutory penalties; prejudgment interest; attorneys' fees; injunctive relief; and the appointment of a receiver to receive, manage, and distribute funds disgorged from Defendants. *Id*. at 22-26.

## LEGAL STANDARD

A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c), which states, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgement on the

pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted). "Analysis under Rule 12(c) is substantially identical to analysis under [Federal] Rule [of Civil Procedure] 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id*. (quotation omitted). To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## CONTENTIONS OF THE PARTIES

Defendant contends that Plaintiff's conclusory allegations provide no substantive facts to show that Defendant's conduct allegedly led to unpaid overtime and unpaid minimum wages. (ECF No. 7-1 at 9). Defendant contends that Plaintiff fails to allege facts to support conclusory allegations regarding meal and rest period violations. *Id*. at 12. Defendant contends that Plaintiff fails to allege facts that would give rise to a plausible business expense reimbursement claim. *Id*. at 13. Defendant contends that Plaintiff's claims regarding wages owed at the time of discharge or resignation, accurate itemized wage statements, and unfair business practices fail to meet the plausibility pleading standard because each claim derives from other factually deficient allegations. *Id*. at 14. Defendant contends that Plaintiff's prayer for punitive damages fails as a matter of law

because punitive damages are not recoverable for California Labor Code violations. *Id*. at 15.

Plaintiff contends that the Complaint pleads sufficient facts to state claims for unpaid minimum wages and unpaid overtime. (ECF No. 11 at 7). Plaintiff contends that the Complaint adequately pleads claims for meal and rest period violations. *Id*. at 8. Plaintiff contends that the Complaint sufficiently pleads a cause of action for unreimbursed business expenses. *Id*. at 8-9. Plaintiff contends that the Complaint adequately pleads claims for wages owed at the time of discharge or resignation, inaccurate wage statements, and unfair competition. *Id*. at 9-10. Plaintiff requests leave to amend the Complaint should this Court be inclined to grant Defendant's Motion. *Id*. at 10.

# DISCUSSION

## A. Claims One and Four: Unpaid Overtime and Unpaid Minimum Wages

California law requires that an employer pay overtime wages to non-exempt employees at a rate of one and one-half times their regular rate of pay for work in excess of eight hours in a day or forty hours in a week. Cal. Labor Code §§ 510, 1198. California law also requires that employees pay at least minimum wage to employees. Labor Code §§ 1194, 1197.

"[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers v. Quality Communications, Inc.,* 771 F.3d 638, 644-45 (9th Cir. 2018). In *Landers*, the Court of Appeals concluded that

> A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA. After all, most (if not all) of

> the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.

*Id*. at 645. The Court of Appeals held that the plaintiff in *Landers* had failed to sufficiently plead an unpaid overtime wages claim due to a lack of "any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id*. at 646. The Court of Appeals concluded that "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Id*.

Plaintiff alleges that

> During the relevant time period set forth herein, Plaintiff and other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week. As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and other class members (but not all). Defendants' pattern and practice of failing to pay Plaintiff and other class members (but not all) the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

(Ex. A, ECF No. 1-2 at 12-13). Plaintiff alleges that

> As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay minimum wages to Plaintiff and other class members (but not all) as required, pursuant to California Labor Code sections 1194 and 1197. Defendants' failure to pay Plaintiff and other class members (but not all) the minimum wage as required violates California Labor Code sections 1194 and 1197.

*Id*. at 17.

The conclusory allegation that Plaintiff worked overtime is not sufficient to plausibly support a claim for unpaid overtime wages. Plaintiff fails to "allege at least one workweek when [s]he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Landers,* 771 F.3d at 646; *see*

*also Tavares v. Cargill Inc.*, No. 1:18-cv-00792-DAD-SKO, 2019 WL 2918061, at *4 (E.D. Cal. July 8, 2019) ("the typical work schedule or the approximate number of hours worked during any given period"); *Reilly v. Recreational Equip., Inc.*, No. 18-cv-07385-LB, 2019 WL 1024960, at *4 (N.D. Cal. Mar. 4, 2019) (Plaintiff's complaint was insufficient to state a claim because "she does not plead how many hours she worked or any facts regarding a workweek when she was not paid minimum wage or worked in excess of 40 hours a week and was not paid overtime"); *Archuleta v. Avcorp Composite Fabrication Inc.*, No. CV 18-8106 PSG (FFMx), 2019 WL 1751830, at *2 (C.D. Cal. Feb. 5, 2019) ("As Plaintiff's allegations do not identify any specific week in which Defendant failed to pay overtime or minimum wages, they fall short of the standard set forth in *Landers*"); *compare with Morrelli v. Corizon Health, Inc.* No. 1:18-cv-1395-LJO-SAB, 2019 WL 918210, at *6 (E.D. Cal. Feb. 25, 2019) (concluding that the alleged facts are "fundamentally different from those in *Landers*" because "Plaintiffs give factual context to their claims: they detail the schedules they were assigned to work which were more than 8 hours, that they always worked beyond 8 hours on a shift . . . , and estimated the amount of overtime they believe they are due for each week they worked . . . ).

**B. Claims Two and Three: Unpaid Work Performed During Meal and Rest Periods**

California law requires an employer to provide its non-exempt employees with meal periods and rest periods during the workday. Cal. Labor Code §§ 226.7, 512. To be a sufficient meal break under California law, "an employer must relieve the employee of all duty for the designated period but need not ensure that the employee does no work." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1034 (2012). This same standard applies to rest breaks. *See Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 270 (2016) ("[A] rest period means an interval of time free from labor, work, or any other employment-related duties. And employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time.").

Plaintiff alleges that

> As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period. As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period. As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period. As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period. As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and other class members (but not all) to work during meal periods and failed to compensate Plaintiff and the other class members (but not all) the full meal period premium for work performed during meal periods. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members (but not all) the full meal period premium due pursuant to California Labor section 226.7. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

(Ex. A, ECF No. 1-2 at 14-15). Plaintiff alleges that

> As a pattern and practice, during the relevant time period set forth herein, Defendants required Plaintiff and other class members (but not all) to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked. As a pattern and practice, during the relevant time period set forth herein, Defendants willfully required Plaintiff and other class members (but not all) to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium

7

for work performed during rest periods. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members (but not all) the full rest period premium due pursuant to California Labor Code section 226.7. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

*Id.* at 16.

Plaintiff's unpaid meal and rest period claims are unsupported by allegations of fact. Plaintiff fails to allege facts regarding "when, how, and which individuals were denied meal and rest periods" that would plausibly indicate Defendant's liability. *Tavares*, 2019 WL 2918061, at *5. Plaintiff fails to identify "any specific instance in which [s]he was not provided with a meal break [s]he was due." *Archuleta*, 2019 WL 1751830, at *3. Plaintiff fails to identify "the manner in which [s]he was denied a meal break." *Id*. Plaintiff's unpaid meal and rest period allegations are insufficient. *See Tavares*, 2019 WL 2918061, at *5 ("plaintiff's unpaid meal and rest period claims are too vague and conclusory to state a plausible claim under *Twombly* and *Iqbal*"); *Reilly*, 2019 WL 1024960, at *5 (Plaintiff's "meal-breaks and rest-period claims" . . . "are too conclusory to state a claim"); *Archuleta*, 2019 WL 1751830, at *3 ("Plaintiff's current allegation [regarding meal breaks] is insufficient to state a claim"); *compare with Morrelli*, 2019 WL 918210, at *9 ("Plaintiffs adequately allege they missed meal-and rest-breaks because there was only one nursing professional on staff on any particular shift; this meant Plaintiffs were not fully relieved of their duties during break and meal times . . . Plaintiffs also allege they were prohibited from leaving the work place during break and meal times . . . Moreover, Plaintiffs allege adequate break facilities were not provided.").

**C. Claim Five: Unpaid Wages Owed at Discharge or Resignation**

California law requires an employer to immediately pay wages earned and unpaid at the time of discharge if an employer discharges an employee. Cal. Labor Code. § 201. If an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice

of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Cal. Labor Code. § 202. If an employer "willfully fails to pay" in accordance with sections 201 or 202, it is subject to statutory "waiting time" penalties. Cal. Labor Code § 203(a).

Plaintiff alleges that

> As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiff and other class members (but not all) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ. Defendants' pattern and practice of failing to pay Plaintiff and other class members (but not all) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202. . . Plaintiff and other class members (but not all) are entitled to recover from Defendants the statutory penalty wages for each clay they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203.

(Ex. A, ECF No. 1-2 at 18).

Plaintiff's Complaint does not provide any supporting factual allegations. Plaintiff's conclusory allegations "merely repeat the language of the applicable statutory provisions." *Tavares*, 2019 WL 2918061, at *6. The Court concludes that Plaintiff's allegation regarding unpaid wages owed at discharge or resignation is insufficient. *See id*. ("the FAC employs conclusory allegations that merely repeat the language of the applicable statutory provisions and does not provide any supporting factual allegations"); *Archuleta*, 2019 WL 1751830, at *3 ("Because Plaintiff's claim for failure to pay wages upon termination is predicated upon his claims for failure to pay overtime wages, minimum wages and for missed meal periods, his failure to adequately plead those predicate claims necessarily means that he has failed to adequately plead this claim.").

### D. Claim Six: Inaccurate Wage Statements

California law requires that employers furnish employees with accurate, itemized wage statements. Cal. Labor Code § 226(a). "To recover damages under this provision, an employee must suffer injury as a result of a knowing and intentional failure by an

employer to comply with the statute." *Dawson v. HITCO Carbon Composites, Inc.*, No. CV16-7337-PSG-FFMX, 2017 WL 7806618, at *5 (C.D. Cal. Jan. 20, 2017) (quoting *Price v. Starbucks, Inc.*, 192 Cal. App. 4th 1136, 1142 (Cal. Ct. App. 2011)). This injury requirement "cannot be satisfied simply because one of the nine itemized requirements . . . is missing from a wage statement." *Id.*

Plaintiff alleges that

> As a pattern and practice, Defendants have intentionally and willfully failed to provide Plaintiff and other class members (but not all) with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and other class members. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and other class members (but not all) have suffered injury and damage to their statutorily protected rights.

(Ex. A, ECF No. 1-2 at 19-).

"Although plaintiff's allegations mention the failure to include the total number of hours worked and a general allegation that plaintiff and other class members 'suffered injury and damage,' that is insufficient – a cognizable injury must be alleged." *Tavares*, 2019 WL 2918061, at *6; *compare with Morrelli*, 2019 WL 918210, at *10 ("Plaintiffs sufficiently allege an injury under § 226" because "due to the deficient wage statements they received, they could not 'promptly and easily determine from the wage statement alone' the hours they worked as required by § 226(a)'"); *Perez v. Island Hospitality Mgmt. III, LLC*, No. CV 18-4903-DMG (JPRx), 2019 WL 3064113, at *7 (C.D. Cal. Feb. 8, 2019) (Plaintiff "has done enough to state a claim here" by alleging that "Defendants 'knowingly and intentionally failed to provide ... timely and accurate itemized wage statements' and that as a result Perez 'suffered injury' because he 'could not promptly and easily determine ... the gross wages earned, the total hours worked, all deductions made, the net wages earned, the inclusive dates of the pay period ... and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly

rate.'"). The Court concludes that Plaintiff's allegations regarding inaccurate wage statements are insufficient.

### E. Claim Seven: Unreimbursed Business Expenses

California law requires that employers reimburse employees for all reasonable and necessary expenditures incurred in discharging their job duties. Cal. Labor Code §§ 2800, 2802. "Merely alleging failure to reimburse unspecified work-related expenses is not enough to state a Section 2802 claim." *Tan v. GrubHub, Inc.*, 171 F.Supp.3d 998, 1005 (N.D. Cal 2016). "Instead, Section 2802 claims are sufficiently pled where the complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties." *Id.*

Plaintiff alleges that

> Defendants have intentionally and willfully failed to reimburse Plaintiff and other class members (but not all) for all necessary business-related expenses and costs. Plaintiff and other class members (but not all) are entitled-to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

(Ex. A, ECF No. 1-2 at 20).

Plaintiff fails to allege a specific cost incurred that was not fully reimbursed by Defendant. Plaintiff's "conclusory allegations again merely mirror the language of the statute without any supporting factual allegations." *Tavares*, 2019 WL 2918061, at *7. The Court concludes that Plaintiff's allegation regarding unreimbursed business expenses is insufficient. *See id.* (dismissing Plaintiff's claim for unreimbursed business expenses because Plaintiff "fails to allege any single specific cost incurred that was not fully reimbursed by defendant"); *compare with Mendoza v. Bank of America Corp.,* No. 19-cv-02491-LB, 2019 WL 4142140, at *8 (N.D. Cal. Aug. 30, 2019) ("Here, the plaintiff alleges that he and others were required to use their personal cell phones for work-related purposes such as communicating with other employees and managers regarding status updates,

11

emergencies, scheduling, pending documentation, pending training, approving timesheets, and answering work-related questions. . . . 'Plaintiff has specifically identified particular expenses in his complaint and affirmatively alleges that they were necessary business expenses.'"); *Perez*, 2019 WL 3064113, at *7 ("While Perez does not state his losses in specific dollar amounts, he does state that he had to use his personal cell phone to conduct hotel business, use his personal vehicle to make bank deposits for the hotel, and clean his work uniform without reimbursement. These allegations are enough for the Court to infer that he 'made expenditures or incurred losses.'").

### F. Claim Eight: Unfair Business Practices

California law prohibits unfair competition, which it broadly defines as including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Pursuant to the "unlawful" prong, "section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008). Where a plaintiff cannot state a claim under the "borrowed" law, they cannot state a UCL claim either. *See Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 992 (S.D. Cal. 2012) ("A UCL claim must be dismissed if the plaintiff has not stated a claim for the predicate acts upon which he bases the claim.").

Plaintiff alleges that

> Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5. . . In this instant case, Defendants' pattern and practice of requiring Plaintiff and other class members work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' pattern and practice of requiring Plaintiff and other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' pattern and practice of failing to timely pay wages to Plaintiff and other class members violate California Labor Code sections 201 and 202. Defendants also violated

12

California Labor Code sections 226(a), 1194, 1197, 2800 and 2802. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses. Plaintiff and other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

(Ex. A, ECF No. 1-2 at 21).

Plaintiff's claim for unfair business practices fails because Plaintiff has not adequately pled any of the preceding causes of action. The Complaint fails to allege facts regarding Defendant's unfair business practices and contains only conclusory allegations. Plaintiff's eighth cause of action must be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED without prejudice. Any motion to file an amended complaint shall be filed within twenty-one (21) days from the date of service of this order.

Dated: November 13, 2019

Hon. William Q. Hayes
United States District Court