UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE RATCLIFFE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>APEX SYSTEMS, LLC,<br><br>　　　　　　　　　Defendants. | Case No.: 19-cv-1688-WQH-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION**<br><br>**[ECF No. 36]** |

　　　Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on May 14, 2020. (ECF No. 36). The Joint Motion presents Plaintiff's motion to compel further responses to certain Requests for Production of documents served upon Defendant.

　　　At the outset, the statement of "Preliminary Matters" supplied by counsel for Plaintiff is offensive to the Court. (ECF No. 36-1 at 4).[1]

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original page

Disparaging opposing counsel is always inappropriate. Future outbursts will be met with sanctions.

This is a putative class action in which Plaintiff alleges violations of the California Labor Code. The First Amended Complaint, filed on January 14, 2020, alleges eight causes of action: unpaid overtime; unpaid meal period premiums; unpaid rest period premiums; unpaid minimum wages; final wages not timely paid; non-compliant wage statements; unreimbursed business expenses; and unfair business practices. (ECF No. 22). Defendant is in the business of placing contract employees at various businesses. Plaintiff was an employee placed by Defendant and paid by Defendant on an hourly basis. Plaintiff proposes a class consisting of all current and former California-based hourly-paid employees of Defendant within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment. (*Id.*).

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response

---

numbers throughout.

must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

Prior to certification of a class, some discovery regarding the class may be appropriate. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). Discovery likely is warranted where the requested discovery will resolve factual issues necessary for the determination of whether the action may be maintained as a class action. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Plaintiff carries the burden of making either a prima facie showing that the requirements of Fed. R. Civ. P. 23(a) to maintain a class action have been met or "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

**DISCUSSION**

In presenting the matter to the Court, Plaintiff grouped the requests and Defendant responded in kind. The Court will address the matter in the same fashion.

1. <u>Class Data</u>

According to Plaintiff, this group includes Requests for Production ("RFP") 8-12 and 26 seeking time sheets, payroll data, meal period waivers and the like for the entire putative class. Defendant asserts that it has produced the requested information for Plaintiff personally, but objects to the production of this information on a class-wide basis. Defendant alleges that there are potential class members with arbitration clauses in their employment agreement and it would be unduly burdensome to produce that information. The Joint Motion reflects that there was discussion between the parties regarding producing a limited sample of the remaining putative class members, redacting personally identifiable information, but the parties could not agree on the extent of the sample. Defendant also asserts that Plaintiff has made no showing, or even attempted to show, that the requested discovery is likely to produce substantiation of the class, as required by *Mantolete*.

It is curious, that having received the requested information regarding Plaintiff's individual claims, Plaintiff offers nothing to suggest that those records substantiate her claims, much less the class claims. If these records support her claim, the Court likely would order production of a sampling of the records of other employees to see if the issues presented in Plaintiff's records are replicated in the records of others. *See, e.g., DeLodder v. Aerotek, Inc.,* No. CV-08-6044-CAS-AGRx (C.D. Cal. Oct. 20, 2009). Plaintiff can only represent other "similarly situated" employees. Without supporting her own

allegations from the records provided, Plaintiff has failed to demonstrate that she is entitled to the records of others.  Regarding these RFP's, Plaintiff's motion to compel is denied for failing to meet the *Mandolete* test.

### 2. Job Titles and Work Duties

This category, according to Plaintiff, refers to RFPs 21 and 22 seeking job descriptions, work duties, and job titles for the putative class members.  Plaintiff fails to present any argument regarding the relevance of these documents to her class allegations.  Plaintiff's proposed class is defined as all hourly employees and does not assert claims based on job titles, descriptions or duties.  Plaintiff's motion to compel production of these documents is denied for lack of a showing of relevance to any claim or defense and for failing to meet the *Mandolete* test.

### 3. Worker Classification

This category, according to Plaintiff, refers to RFPs 23, 24, 27 and 28.  The requests seek documents reflecting the classification of workers as exempt or non-exempt and questionnaires or surveys regarding hours worked or activities performed.  Plaintiff again fails to provide any statement of relevance.  Plaintiff has not alleged mis-classification in her First Amended Complaint.  Plaintiff's motion to compel production of these documents is denied for lack of relevance to any claim or defense.

### 4. Defendant's Policies

This category, according to Plaintiff, refers to RFPs 13-20 and 25 and requests "policies applicable to the putative class." (ECF No. 36-1 at 8).  For clarity, the category includes:  RFP 13 requesting documents reflecting Defendant's policies regarding rest breaks; RFP 14 asking for the same regarding meal breaks; RFP 15 asking for policies regarding overtime; RFP 16 pertaining to off-the-clock time; RFP 17 relating to payment of wages

including timing of payment during employment and upon termination, rates of pay and categories of wages; RFP 18 pertaining to worker classification; RFP 19 relating to itemized wage statements; RFP 20 pertaining to time-keeping; and RFP 25 relating to methods for determining hours worked.

Defendant asserts that it has produced all policies pertaining to Plaintiff while she was employed by Defendant. While there may be some variations for employees placed at different businesses, Defendant asserts that Plaintiff has provided no basis for Defendant to conduct a search, employee by employee for those differing policies. To do so, they say, would be unduly burdensome.

Plaintiff does not offer any argument that the policies that it has received from Defendant support any of Plaintiff's causes of action. The Court finds that Plaintiff has failed to present information sufficient to satisfy the *Mandolete* test and denies the motion to compel regarding these RFPs.

## CONCLUSION

As presented in this Joint Motion, Plaintiff's Motion to Compel is **DENIED.**

Dated:   May 26, 2020

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge