UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE RATCLIFFE,<br><br>                       Plaintiff,<br><br>v.<br><br>APEX SYSTEMS, LLC,<br><br>                       Defendants. | Case No.: 19-cv-1688-WQH-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**<br><br>**[ECF No. 38]** |

      Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on May 21, 2020. (ECF No. 36). The Joint Motion presents Plaintiff's motion to compel responses to Plaintiff's Interrogatories numbered 1 and 2.

      This is a putative class action in which Plaintiff alleges violations of the California Labor Code. The First Amended Complaint, filed on January 14, 2020, alleges eight causes of action: unpaid overtime; unpaid meal period premiums; unpaid rest period premiums; unpaid minimum wages; final

wages not timely paid; non-compliant wage statements; unreimbursed business expenses; and unfair business practices. (ECF No. 22). Defendant is in the business of placing contract employees at various businesses. Plaintiff was an employee placed by Defendant and paid by Defendant on an hourly basis. Plaintiff proposes a class consisting of all current and former California-based hourly-paid employees of Defendant within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment. (*Id.*).

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

Prior to certification of a class, some discovery regarding the class may be appropriate. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935,

942 (9th Cir. 2009)("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). Discovery likely is warranted where the requested discovery will resolve factual issues necessary for the determination of whether the action may be maintained as a class action. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Plaintiff carries the burden of making either a prima facie showing that the requirements of Fed. R. Civ. P. 23(a) to maintain a class action have been met or "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

## DISCUSSION

Interrogatories 1 and 2 ask Defendant to identify and provide contact information for all former hourly employees from August 15, 2015 to the present (Interrogatory No. 1) and all current hourly employees in California (Interrogatory No. 2). Defendant objects primarily claiming Plaintiff has provided no factual or legal support to obtain class-wide contact information at this time. The Court agrees. Plaintiff makes no attempt to satisfy her burden under *Mantolete* that this information is likely to produce substantiation of her class allegations. Plaintiff offers no facts and no theory to support her request for class-wide contact information currently and does not even address the *Mantolete* standard. Significantly, Plaintiff has not presented any evidence that her individual claims have been substantiated by the disclosure of records relating to her employment with Defendant.

The cases cited by Plaintiff do not help her cause. In not one of the cases is the *Mantolete* standard at issue or addressed. The issues addressed in those cases mainly dealt with protecting the privacy of the individuals. *See, e.g., Stone v. Advance Am.*, No. 08-cv-1549-WQH-WMc, 2010 WL

5892501 (S.D. Cal. Sept. 21, 2010) (contact information of employees identified as percipient witnesses); *York v. Starbucks Corp.*, No. CV 08-7919-GAF-PJWx. 2009 WL 3177605, at *2 (C.D. Cal. June 30, 2009) (privacy, not *Mantolete* burden); *Wiegele v. Fedex Ground Package Sys.*, No. 06-cv-1330-JM-POR, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007) (same); *Ho v. Ernst & Young, LLP*, No. C-05-04867-JF-HQL, 2007 WL 1394007, at *2 (N.D. Cal. May 9, 2007) (same); *Putnam v. Eli Lilly and Co.*, 508 F.Supp.2d 812, 813 (2007) (same); *Babbitt v. Albertson's, Inc.*, 1992 U.S. Dist. LEXIS 19091, at*6-17 (N.D. Cal. Nov. 20, 1992) (relevance pre-certification, privacy, and confidentiality, not *Mantolete* burden).

Plaintiff is not entitled to class-wide discovery on this record. Nor can the Court find a basis to require even limited contact discovery without some showing that it may lead to substantiation. *See DeLodder v. Aerotek, Inc.*, No. CV-08-7919, 2009 WL 10674457 (C.D. Cal. Oct. 20, 2009).

## **CONCLUSION**

As presented in this Joint Motion, Plaintiff's Motion to Compel is **DENIED.**

Dated: May 26, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge